Filed 6/25/13  P. v. Meza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055895 |
| v. | (Super.Ct.No. SWF10002327) |
| JOSEPH STEVEN MEZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Johnson, Judge.

Affirmed with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Warren

Williams, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Joseph Steven Meza appeals as error the trial court's order to stay, rather than strike, two prison-prior sentence enhancements. (Pen. Code § 667.5, subd. (b).)[1] The People agree that two enhancements must be stricken. Defendant also points out two clerical errors in the abstract of judgment. Again, the People agree that the clerical errors should be corrected. We will order the necessary modifications to the judgment and the abstract.

## FACTS AND PROCEDURAL HISTORY

On October 13, 2011, a jury found defendant guilty of one count of lewd conduct with a person under the age of 14. (§ 288, subd. (a).) In a separate proceeding on the same date, defendant admitted seven prison-prior allegations. (§ 667.5, subd. (b).)

On March 2, 2012, the court sentenced defendant to a total of 21 years in state prison, calculated as follows: for the current conviction the upper term of eight years, doubled because of a strike prior, plus one consecutive year for each of the seven prison priors, less two of the prison-prior enhancements (numbers two and five) stayed pursuant to section 654. The two enhancements were stayed on advice of the People, who told the court that defendant's first and second prior convictions had resulted in just one commitment because the sentence on one of them had been stayed pursuant to section 654. The same was true as to his fourth and fifth prison priors.

Defense counsel did not object to any part of defendant's sentence.

---

[1] All further statutory citations are to the Penal Code.

**DISCUSSION**

Defendant first argues that two of the seven one-year sentence enhancements the court imposed should have been stricken rather than stayed. Defendant is correct.

*Section 667.5 Enhancement Corrections*:

Subdivision (b) of section 667.5 provides that "[W]here the new offense is any felony for which a prison sentence . . . is imposed . . . in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term [served] . . . for any felony[.]" The limit inherent in this provision is reiterated in subdivision (e): "The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior *separate* term in state prison . . . ." (Italics added.) The enhancements authorized under section 667.5 are based on prison terms imposed and completed, "alone or in combination with concurrent or consecutive sentences for other crimes[.]" (§ 667.5, subd. (g).) "Courts have consistently recognized that this statutory language means that only one enhancement is proper where concurrent sentences have been imposed in two or more prior felony cases." (*People v. Jones* (1998) 63 Cal.App.4th, 744, 747, and cases cited therein; see also *People v. Riel* (2000) 22 Cal.4th 1153, 1203.)

Here, because defendant's first and second, and fourth and fifth, prior convictions resulted in concurrent sentences, the duplicate prison-prior enhancements for his present offense must be stricken rather than stayed. (*Jones*, *supra*, 63 Cal.App.4th at p. 750.) Although the matter could be remanded to the trial court for re-sentencing, this court also has the power to modify the judgment to correct a sentencing error. (§ 1260; *People v.*

*Alford* (2010) 180 Cal.App.4th 1463, 1473.) In the interest of judicial economy, we will do so.

*Clerical Corrections to the Abstract of Judgment*:

Defendant also points out that the abstract of judgment contains two clerical errors, both of which must be corrected to reflect the trial court's oral pronouncement. Again, he is correct.

In pronouncing sentence the court said, "So the court . . . does choose the upper term of eight years on Count 2. Now, that's doubled by operation of the strike to 16 years." The minute order indicates that the court imposed "the UPPER term of 16 years." However, the abstract of judgment fails to note, in section 1, whether the sentence represents the "L, M, [or] U" [low, middle, or upper] term. In addition, box 4 on the abstract should be checked to indicate whether defendant was sentenced "pursuant to PC667(b)-(i) or PC1170.12 (two-strikes)."

As with the sentence enhancements, this court has inherent power to correct clerical errors. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

### DISPOSITION

The judgment is modified to strike, rather than stay, the second and fifth section 667.5 subdivision (b) enhancements. The clerk of the Superior Court is directed to correct the abstract of judgment as follows: To reflect the modification identified above by omitting the second and fifth enhancements listed in section 3 and to indicate in section 1 that defendant was sentenced to the upper ["U"] term and to check box 4 and the appropriate sub-box to indicate that defendant was sentenced pursuant to "PC667(b)-

4

(i)." The clerk is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

5